**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Leah Findlator** | ) CIVIL FILE NO. 0:17-cv-05088 JNE-LIB |
| **Plaintiff,** | ) |
| v. | ) **AMENDED COMPLAINT AND JURY DEMAND** |
| **Allina Health Clinics** | ) |
| **Defendant** | ) |

Plaintiff, Leah Findlator, by her attorney, complains against Defendant, Allina Health Clinics (hereinafter, "Allina") as follows:

## *PARTIES*

1. Plaintiff Leah Findlator ("Ms. Findlator") is a Black woman from the United Kingdom resident of the state of Minnesota who worked as a Medical Laboratory Technician for Allina.

2. At all relevant times, Ms. Findlator was an eligible employee of Allina. She had been employed by Allina for four (4) years and worked for at least 1250 hours with Allina in the previous 12 months before her termination.

3. Ms. Findlator was a member of SEIU Healthcare Minnesota ('The Union") a healthcare union that unites more than 35,000 healthcare and long-term care workers in hospitals, clinics, nursing homes, and home care throughout the state of Minnesota. The Union has a collective bargaining agreement with Allina.

4. Upon information and believe the Defendant, Allina is a not-for-profit healthcare provider caring for residents of Minnesota and Wisconsin within 13 hospitals and more than 90 clinics. It is located at 2925 Chicago Avenue, Minneapolis, Minnesota and has continuously employed at least one employee.

5. Allina is a person within the meaning of 42 U.S.C. § 2000e, and an employer within the meaning of 42 U.S.C. § 2000e(b).

### *JURISDICTION AND VENUE*

6. Jurisdiction is in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7. This action is brought under the provisions of the Civil Rights Act of 1964; 42 U.S.C. § 2000A, 42 U.S.C. § 2000A-1 and 42 U.S.C. § 2000D. This Court has jurisdiction over this action under 28 U.S.C. §§

1331 and 42 U.S.C. § 3613(a)(2) and the Minnesota Human Rights Act ("MHRA"), *Minn. Stat.* §363A.03, §363A.08 *et seq.,* pursuant to 28 U.S.C. §1331 and pendent jurisdiction.

## *PROCEDURAL REQUIREMENTS*

8. Prior to filing this civil action, Ms. Findlator timely filed charges of discrimination asserting race and national origin discrimination with the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC").

9. All conditions precedent to the filing of this suit has been performed or has occurred.

## *FACTUAL ALLEGATIONS*

10. On August 17, 2012, Ms. Findlator was hired as a Medical Lab Technician for Allina's Inver Grove Heights Clinic.

11. Immediately Ms. Findlator started working for Allina she began having problems with another Laboratory Technician, Leah Baruch.

12. Ms. Baruch did not show any respect for Ms. Findlator and the work she was doing. Any inter-reaction with Ms. Baruch was often heated and aggravating.

13. At one time Ms. Baruch accused Ms. Findlator of being in a gang.

14. Ms. Findlator spoke to Jim Thistle, the lab lead about Leah Baruch's conduct but nothing was done by Mr. Thistle to remedy the situation.

15. Ms. Findlator went to Paula Hagel Long, the Lab Manager and complained about Ms. Baruch's communication style. Nothing was done.

16. Ms. Findlator then complained to Cynthia Cullen who was in-charge of the urgent care lab.

17. Ms. Findlator finally went to her supervisor, Julie Simons and complained about Ms. Baruch

18. On December 2, 2016 Ms. Findlator was working her usual shift. She noticed a lab sample on the Heme machine was on stop mode. Ms. Findlator brought it to the attention of Ms. Baruch that the Heme machine was stuck.

19. Ms. Baruch asked who was originally working on the Heme machine and who put on the machine? Ms. Findlator responded that whoever is in charge of the Heme machine should take care of it.

20. Ms. Baruch became upset and walked out of the lab. Ms. Findlator also walked out of the lab into the hallway where they met another employee Margaret Henshaw.

21. Ms. Baruch demanded an apology from Ms. Findlator. Ms. Findlator gave her the apology. Ms. Baruch then took off her lab coat and threw it across the desk. The coat did not hit Ms. Findlator. Ms. Baruch picked up the lab coat and threw it again at Ms. Findlator and it missed hitting her.

22. A confrontation then ensued as the two got into each other's face yelling. Ms. Findlator pushed Ms. Baruch on the shoulder to get away from her before they were separated by another employee.

23. Allina placed Ms. Findlator and Ms. Baruch on paid leave while they investigated the incident.

24. On December 6, 2016, Ms. Findlator was terminated for violating Allina's Violence Free Workplace Policy.

25. Ms. Baruch was issued a final warning.

## COUNT ONE

### RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

26. By reference hereto, Ms. Findlator incorporates the above paragraphs as if fully set forth herein.

27. Allina has a zero tolerance for violence or threats of any form in the work place, at work related functions or outside of work if it affects the

workplace. This includes conduct which has the effect of threatening others, regardless of the intent of the individual.

28. Under Allina's Violence-free Workplace policy, touching or hitting another in a threatening or unwanted manner, threatening with a firearm or weapon, or <u>any device</u> used in a weapon-like manner are prohibited harmful behaviors.

29. During the altercation that occurred between Ms. Baruch and Ms. Findlator, Ms. Baruch took off her lab coat and threw it at Ms. Findlator twice missing her. Ms. Findlator pushed Ms. Baruch on the shoulder.

30. Ms. Baruch and Ms. Findlator both violated Allina's Violence Free Workplace Policy. Ms. Findlator, a Black British woman was terminated and Ms. Baruch a Caucasian woman was suspended.

31. The actions of Allina disciplining two similarly situated employees who violated the same policy differently violates Title VII of the Civil Rights Act of 1964 as amended, 42 USC §2000e-2.

32. As a result of Allina's conduct, Ms. Findlator has suffered loss of past and future income, mental anguish, emotional distress, attorney fees, costs and other damages, all in an amount in excess of $75,000.

## *COUNT TWO*

## RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

33. By reference hereto, Ms. Findlator incorporates the above paragraphs as if fully set forth herein.

34. The actions of Allina have violated the rights of Ms. Findlator pursuant to Minn. Stat. §363A.08, Subd. 2(2) in that Allina discriminated against Ms. Findlator by intentionally treating her differently from Ms. Baruch even though they violated the same policy.

35. As a result of Allina's conduct, Ms. Findlator has suffered loss of past and future income, mental anguish, emotional distress, attorney fees, costs and other damages, all in an amount in excess of $75,000.

## *COUNT THREE*

### Intentional Infliction of Emotional Distress

36. By reference hereto, Ms. Findlator incorporates the above paragraphs as if fully set forth herein.

37. These actions were either intentionally or recklessly taken to prevent Ms. Findlator from continuing her employment with Allina.

38. The Actions of Allina have caused Ms. Findlator severe emotional distress including sleepless nights, anxiety, humiliation, loneliness, freight, depression and a general worry about her future.

39. As a result of Allina's conduct, Ms. Findlator has suffered loss of past and future income, mental anguish, emotional distress, attorney fees, costs and other damages, all in an amount in excess of $75,000.

## PUNITIVE DAMAGES

40. Ms. Findlator re-alleges and reincorporates all of the allegations contained in the preceding paragraphs as though fully set forth herein.

41. Allina acted with malice or reckless indifference to Ms. Findlator 's federally protected rights.

42. Ms. Findlator demands punitive damages against Allina pursuant to Title VII of the Civil Rights Act of 1964 and Minn. Stat. §363A.29 subd.4.

## *JURY DEMAND*

43. Ms. Findlator demands trial by jury on all counts.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff, Ms. Findlator prays for judgment against The School District as follows:

1. Declaratory judgment, pursuant to 42 U.S.C. § 2000e-5(g), as Allina has violated the rights secured to Ms. Findlator by Title VII and the Minnesota Human Rights Act, to be free of employment discrimination;

2. Order Allina to make Ms. Findlator whole by awarding Ms. Findlator full back pay and front pay; pre and post-judgment interest; the monetary value of lost wage increases, promotions and fringe benefits; the monetary value of losses to pension, social security and other retirement accounts, pursuant 42 U.S.C.A. § 2000e-5(g), in an amount to be shown at trial;

3. Award Ms. Findlator compensatory and punitive damages pursuant to, 42 U.S.C.A. § 2000e-5(g) and for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, in an amount to be shown at trial;

4. Award to Ms. Findlator the costs of this action, including expert witness fees, and taxed against Allina, pursuant to 42 U.S.C.A. § 2000e-5 and the Equal Access to Justice Act, 5 U.S.C.A. § 504.

5. Award Ms. Findlator reasonable attorney's fees pursuant 42 U.S.C.A. § 2000e-15(k); the Equal Access to Justice Act, 5 U.S.C.A. § 504 and Minn. Stat. § 363A.33, Subd. 7.

6. Award Ms. Findlator interest on any action at the statutory rate pursuant to 42 U.S.C.A. § 2000e-16, as amended;

7. For imposition of a civil penalty under Minn. Stat. § 363A.29, Subd. 4;

8. For damages due to emotional distress resulting from Allina's actions; and

9. Enter an Order for such further and other relief that this court may deem necessary and proper, including any affirmative relief that is necessary to eliminate the effect of the discriminatory practices complained of or any affirmative relief that is necessary to make Ms. Findlator whole, pursuant to 42 U.S.C.A. § 2000e-5(g) and the Minnesota Human Rights Act.

Dated: November 10, 2017

                FONDUNGALLAH & KIGHAM, LLC

                <u>s/Michael Fondungallah</u>

                Michael A Fondungallah, # 0310748
                mfondungallah@fondlaw.com
                2499 Rice Street, Suite 145
                Saint Paul, MN 55113
                Tel: (651) 482-0520
                Fax: (651) 482-0530
Attorney for Plaintiff, Leah Findlator